IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

CHRISTOPHER WALLACE

Criminal No. 15-56

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Cindy Chung, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A Federal Grand Jury returned a four-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| One and Three | Bank Robbery On or about February 10, 2015 | 18 U.S.C. § 2113(a) |
| Two and Four | Armed Bank Robbery On or about February 10, 2015 | 18 U.S.C. § 2113(d) |

### II. ELEMENTS OF THE OFFENSES

A. As to Counts 1 and 3:

In order for the crime of Bank Robbery, in violation of 18 U.S.C. § 2113(a), to be established, the government must

prove all of the following essential elements beyond a reasonable doubt:

1. That CHRISTOPHER WALLACE took money that was in the care, custody or possession of the specified bank from another person or while another person was present;

2. That CHRISTOPHER WALLACE used force, violence, or intimidation; and

3. That the deposits of the specified bank were then insured by the Federal Deposit Insurance Corporation.

**B. As to Counts 2 and 4:**

In order for the crime of Armed Bank Robbery, in violation of 18 U.S.C. § 2113(d), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That CHRISTOPHER WALLACE took money that was in the care, custody or possession of the specified bank from another person or while another person was present;

2. That CHRISTOPHER WALLACE used force, violence, or intimidation;

3. That CHRISTOPHER WALLACE intentionally put the life of another person in jeopardy by the use of a dangerous weapon while taking the money; and

4. That the deposits of the specified bank were then insured by the Federal Deposit Insurance Corporation.

### III. PENALTIES

**A. As to Counts 1 & 3: Bank Robbery (18 U.S.C. § 2113(a)):**

1. A term of imprisonment of not more than twenty (20) years (18 U.S.C. § 2113(a));

2. A fine not more than the greater of:

(a) $250,000.00 (18 U.S.C. § 3571(b)(3)); or

(b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d)); and,

3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583).

**B. As to Counts 2 & 4: Armed Bank Robbery (18 U.S.C. § 2113(d)):**

1. A term of imprisonment of not more than twenty-five (25) years (18 U.S.C. § 2113(d));

2. A fine of not more than the greater of:

(a) $250,000.00 (18 U.S.C. § 3571(b)(3)); or,

(b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any

person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d)); and,

    3. A term of supervised release of not more than five (5) years (18 U.S.C. § 3583).

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case as to Counts One through Four, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

            Respectfully submitted,

            DAVID J. HICKTON
            United States Attorney

            */s/ Cindy K. Chung*
            CINDY K. CHUNG
            Assistant U.S. Attorney
            PA ID No. 317227