IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

CHRISTOPHER WALLACE,

Defendant.

2:15-cr-56
ELECTRONICALLY FILED

## ORDER OF COURT

AND NOW, this 24th day of June, 2016, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant's Motion to Continue Change of Plea Hearing [ECF 50] is GRANTED.

IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant's Motion to Order Presentence Report Prior to Plea [ECF 51] is GRANTED.

IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The probation office shall prepare a complete Presentence Investigation Report ("PSR") in accordance with Federal Rules of Criminal Procedure 32(c) and 32(d). In accordance with Local Criminal Rule 32, the probation office shall disclose the tentative PSR to only the defendant, the defendant's attorney, and the attorney for the government no later than August 19, 2016.

2. Pursuant to Local Criminal Rule 32.C.2, if either party disputes facts or factors contained in the PSR that are material to sentencing, or seeks the inclusion of additional facts or factors material to sentencing, it is that party's obligation to pursue the administrative resolution of that matter through a presentence conference with opposing counsel and the probation officer no later than September 2, 2016.

3. No later than September 9, 2016, the probation officer shall notify the attorneys for the government and the defendant of those matters that have, or have not, been administratively resolved.

4. Following the 2 week time period for administrative resolution, the probation officer shall disclose the Presentence Investigation Report as may be amended, to the Court, the defendant, the attorney for the defendant, and the attorney for the government no later than September 9, 2016.

5. Each party shall file with the Court a "Position of [Defendant/Government] With Respect to Sentencing Factors," pursuant to Fed.R.Crim.P. 32(f) and § 6A1.2(b) of the U.S.S.G. no later September 16, 2016. This pleading shall set forth any objections to the PSR and any anticipated grounds for: (a) departure from the advisory guidelines sentencing range; or (b) a sentence outside of the advisory guideline sentencing range, pursuant to the provisions of 18 U.S.C. § 3553(a). The party's Position with Respect to Sentencing Factors shall be accompanied by a written statement certifying that filing counsel has conferred with opposing counsel and with the probation officer in a good faith effort to resolve any disputed matters.

6. A party may file a response to the opposing party's Position with Respect to Sentencing Factors no later than September 23, 2016.

7. After receiving the parties' positions, the probation officer shall make any necessary investigation and revisions to the PSR. No later than September 30, 2016, the probation officer shall prepare and serve an addendum to the PSR that sets forth any unresolved objections to the PSR, the grounds for those objections, the responses thereto, and the probation officer's comments thereon. The probation officer shall certify that the PSR, together with any revision thereof and any addendum thereto, has been disclosed to the

defendant and all counsel of record, and that the addendum fairly sets forth any remaining objections and responses.

8.  Any pre-trial motions shall be filed no later than October 7, 2016.

9.  If pre-trial motions are not going to be filed, defense counsel shall contact the Court no later than October 7, 2016 to discuss the procedural posture of the case and any necessary scheduling of hearings.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the time from the date of this Order until the filing of timely pre-trial motions shall deemed excludable delay under the Speedy Trial Act, codified at 18 U.S.C. 3161 et seq. Specifically, the Court finds that the ends of justice served by the granting of this continuance outweigh the best interest of the public and the defendant to a speedy trial since the failure to grant such a continuance would deny counsel for the defendant reasonable time and information which are necessary for effective preparation taking into account the exercise of due diligence. 18 U.S.C. 3161(h)(7)(B)(iv).

S/Maurice B. Cohill, Jr.
Senior United States District Judge