IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 15-56 |
| CHRISTOPHER WALLACE | |

GOVERNMENT'S SENTENCING MEMORANDUM

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Cindy Chung, Assistant United States Attorney for said district, and respectfully files its sentencing memorandum

The Government submits that the sentencing factors weigh in favor of a sentence within the guideline range. To wit,

1. The nature and circumstances of the offense and the history and characteristics of the defendant (18 U.S.C. § 3553(a)(1)): The offenses of conviction are serious, violent offenses. In addition, the defendant has an extensive violent criminal history which involves the use of a firearm on multiple occasions, including in the commission of multiple robberies. See Presentence Investigation Report at ¶¶ 41, 45, 46. His criminal history also involves the use of other weapons, id. at 44, assault, id. at 39, 46, and the repeated illegal possession of firearms, id. at 43, 45, and 46. The defendant also has a demonstrated history of disobeying court orders by violating the terms of his probation and release, by committing other, often violent, offenses. In fact, the instant two armed robberies were committed while the defendant was serving probation for his state armed robbery conviction, which involved the use of a gun. Id. at 45 and 51. The government agreed to the defendant's pretrial release, despite his serious, violent criminal history, due to his also very serious medical condition. In spite of the

fact that the defendant was given the opportunity to remain free so that he could obtain medical care, the defendant continued to commit crime, violate local law, and defy court orders.  Id. at ¶ 49.

    2. The need for the sentence imposed to effect enumerated goals (18 U.S.C. § 3553(a)(2)):  In considering the goals enumerated in § 3553(a)(2), it is most important that the defendant's sentence reflect the seriousness of the offenses and protect the public from further crimes.  As noted above, the instant offenses -- two armed bank robberies -- are serious, violent offense and the defendant's criminal history includes multiple armed robberies, assaults, and uses of weapons.  Given this serious, repeated, violent conduct, it is most important that the sentence here reflect the seriousness of the offenses and that the sentence protect the public from future crimes by the defendant, a repeat offender.

    3. The kinds of sentences available and the sentencing range established by the guidelines (18 U.S.C. §§ 3553(a)(3) and (4)):  The sentencing guidelines call for a term of imprisonment in the range of 120 - 150 months.  The government submits that the guidelines effectively address the factors which should be considered in fashioning an appropriate sentence in this case and that a term of imprisonment within the guideline range is appropriate.  Even with his serious medical condition, the defendant committed the instant two violent offenses, and another offense while on pretrial release.  Id.  This repeated, violent conduct, committed while the defendant suffered through his current medical condition (in fact, the defendant is considerably healthier now than he was at the time he committed the instant offenses) establishes that the defendant's medical condition is *not* a reason to depart downward from his guideline range.  Rather, the defendant has demonstrated that he will continue to commit violent crime no matter the state of his health.

    4. Any pertinent policy statement (18 U.S.C. § 3553(a)(5)):  The government is unaware of any policy statement which would call for a non-guideline sentence.  As noted above, because the defendant has repeatedly violated the law while suffering serious health problems, the defendant's health does not provide grounds to depart downward.

    5. The need to avoid unwarranted sentence disparities (18 U.S.C. § 3553(a)(6)):  Sentencing the defendant to a term of imprisonment within the guideline range would fulfill the goal of avoiding unwarranted sentence disparities.

    6. The need to provide restitution to any victims of the offense ((18 U.S.C. § 3553(a)(7)):  The defendant stole a total of $9444 in committing the two instant offenses.  Approximately $188.00 was recovered from the defendant's person on February 11, 2015 and, another approximately $1,500.00 was recovered from Jefferson Road on the date of the robberies.  Approximately $7,756.00 in stolen money has not been recovered.  Therefore, restitution in the amount of $9,444.00 is appropriate in this case, to be offset by any forfeiture of funds recovered.

  In considering all of the above, the government respectfully submits that a term of imprisonment within the guideline range is the appropriate sentence in this case.

  Wherefore, the Government respectfully submits its position with respect to sentencing factors.

            Respectfully submitted,
            DAVID J. HICKTON
            United States Attorney


       By:  /s/ Cindy Chung
            CINDY CHUNG
            Assistant U.S. Attorney
            PA ID No. 317227